Moss, Judge,
delivered the opinion of the court:
Plaintiff, Claude J. Tignor, was the lessee of 98.7 acres of submerged land in the York Eiver, York County, Virginia, which he had leased under the laws of Virginia for the culture of oysters.
Pursuant to an act of Congress of July 1, 1918, 40 Stat. 738, the President of the United States, on August 7, 1918, by proclamation, took “ title to .and authorized the Secretary of the Navy to take possession of ” a certain large tract of land near Yorktown, Va., for the purpose of a naval mine depot. Plaintiff’s leasehold was included in the boundary of said tract. Said proclamation conferred upon the Secretary of the Navy the authority and directed him to take such steps as in his judgment might appear necessary to ascertain just compensation to which the several owners of property taken might be entitled in order that compensation therefor might be made. All owners of land or other property taken were notified to appear before the Board of Valuation of *325 Commandeered Property of the Navy Department and present their claims for compensation. Plaintiff was awarded the sum of $500. Being dissatisfied with said award, plaintiff on October 6, 1924, accepted the sum of $375, three-fourths of the award, and this suit is for the recovery of the remainder of what plaintiff claims as just compensation.
In addition to the leasehold in question, plaintiff owned a small watch house built on the land of another, which contained certain articles of furniture and equipment used in his oyster business, together with four boats which were left at or near said watch house.
The Government took complete and exclusive possession, use, occupancy, and control of all said property on September 7, 1918.
Defendant denies the right of plaintiff to recover in any sum, under the authority of the case of Bailey and Fulgham v. United States, 62 C. Cls. 77. In the Bailey ease the low-water marh was the eastern boundary of the land taken, and plaintiff’s lease was outside and beyond said boundary. In the construction of a bulkhead or pierhead, in aid of navigation, plaintiff’s leasehold was invaded and damaged. The court held that no officer of the Government had authority to take and pay for property beyond the prescribed limits in a taking for the improvement of navigation. In the present case there was included in the particular description of the property embraced in the proclamation the following recital: “ Together with all riparian rights, privileges, easements, and other rights whatsoever appurtenant or appertaining in any way to said above-described tract of land, and all privately owned rights in the waters lying between the low-water line of said tract and the bulkhead or pierhead line in the York River as such line or lines may be hereafter established.” Plaintiff’s leasehold was situated between the said low-water line and the bulhhead or fierhead line as thereafter established.
Said proclamation contained the further provision:
“ The several tracts of land above described, together with all improvements thereon and all rights and privileges appurtenant or appertaining in any way thereto, are hereby declared to be and the same are set apart for use for naval *326 purposes and are placed under the exclusive control of the Secretary of the Navy, who is authorized and directed to take immediate possession thereof in accordance with the terms of said act on behalf of the United States, for the purposes aforesaid.
“ The title to the several tracts of land above described shall be deemed to be vested in the United States from and as of the date that actual possession thereof is taken by the Secretary of the Navy.”
The sole question in this case is the fair value of plaintiff’s property as of September' 7, 1918.
It is shown in the evidence that with the exception of a few acres the whole of plaintiff’s acreage was under cultivation for oysters and was well provided with shell beds, which add substantially to the value of oyster lands. In addition to the shell already on the ground when plaintiff acquired his lease, plaintiff had planted thereon 80,000 bushels of shells. In the years from 1913 to and including 1917 plaintiff planted 30,000 bushels of seed oysters. It requires about three years to mature oysters, and one bushel of seed oysters will produce more than two bushels of marketable oysters. The market price for oysters ranged from 45$ to 55$ per bushel for small oysters and from 75$ to $1.00 for large oysters. Selected oysters sold for $6.00 a barrel of two bushels. From his first planting plaintiff sold 18,000 bushels, and did not exhaust the supply of marketable oysters on the land at that time. In 1917 and 1918 most of plaintiff’s oysters were small and not quite ready for the market. Plaintiff’s land had a considerable value without planted oysters, for the reason that the oyster “ spat,” as it is called, would “ strike ” on the shells, and marketable oysters would be produced by a natural process, thus obviating the expense of planting said oysters. It also had a value without either planted oysters or planted shells as shown by the evidence. The lease extended for a period of twenty years from its date, November 29, 1913, with the privilege of renewal.
The measure of recovery in this case is the value of the leasehold interest in and to the 98.7 acres of oyster land held by plaintiff under the lease from the State of Virginia, together with the value of the oysters located upon said lands *327 at the time of the taking, plus the value of the personal property taken. See Bailey case, supra.
Plaintiff claimed, and the commissioner allowed, $500 as the value of the personal property taken, $7,500 as the value of the leasehold, and $30,000 as the value of the oysters on the land at the time of the taking, making a.total of $88,000.
The court has determined the value of the leasehold interest and of the personal property at $7,500 and $500, respectively, as found by the commissioner. In the question of the value of the oysters located on the lands at the time of the taking, giving due consideration to the speculative element necessarily involved in that character of claim, the court has reached the conclusion that the sum of $7,000 represents the fair value of said oysters.
Plaintiff is entitled to recover, and it is so ordered.
Gbaham, Judgé; Booth, Judge; and Campbell, OMef Justice, concur.